220 N.J. Super. 106 (1985)
531 A.2d 742
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDWIN R. MILLER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 30, 1985.
Decided August 14, 1985.
*107 Before Judges COHEN and BAIME.
Michael D. Schottland argued the cause for appellant (Chamlin, Schottland, Rosen, Cavanagh & Uliano, attorneys; Michael D. Schottland on the brief).
Kathleen P. Holly, Assistant Prosecutor, argued the cause for respondent (Nicholas L. Bissell, Jr., Somerset County Prosecutor, attorney; Kathleen P. Holly on the letter brief).
PER CURIAM.
Defendant was charged with "drunk driving" contrary to N.J.S.A. 39:4-50. There was testimony in the municipal court relating to defendant's operation of his vehicle and his performance of clinical tests. Two breathalyzer tests were administered, resulting in readings of .11% blood alcohol 30 minutes after defendant's arrest and .12% nine minutes later. Defendant testified he had had two scotches between 7 and 8 p.m., two *108 more scotches between 8 and 10 or 10:30 p.m. and then six mugs of beer or "a few more" between 12 or 12:30 and 2:30 a.m. Defendant's friend testified that he joined defendant a little after 8 p.m. and saw him have two scotches between then and 10:30 and six or seven mugs of beer between 12 or 12:30 and 2:30 a.m.
An expert testified for defendant. He calculated defendant's blood alcohol from the amounts and times of consumption given by defendant and his friend, and from the breathalyzer results. He concluded that, at the time of his arrest at 3:02 a.m., defendant's blood alcohol was .09%.
The municipal court stated that, from the testimony and defendant's videotaped conduct, it could not find that defendant was under the influence of intoxicating liquor. It did find him guilty, however, of driving with a blood alcohol concentration of at least .10%. Its judgment was based on the fact that defendant had consumed a substantial amount of alcohol over the evening and a conclusion that the basis for the expert's calculations, the amount of alcohol defendant consumed, was not precise.
On appeal, the Law Division came to essentially the same conclusions. It said only that because of the .11% and .12% readings, it was convinced beyond a reasonable doubt that, 30 minutes earlier, defendant's blood alcohol level was "at least.10." Defendant appealed and we are constrained to reverse defendant's conviction.
The offense of which defendant was found guilty is proscribed by recently enacted language of N.J.S.A. 39:4-50. It prohibits driving with a blood alcohol level of .10% or more. The statute also prohibits driving while under influence of intoxicating liquor. Both the municipal court and the Law Division found that the evidence was insufficient to convict defendant of that offense and we have no occasion to question those decisions.
*109 Defendant's expert, former breath-testing coordinator for the New Jersey State Police for 15 years, testified the defendant's blood alcohol level was .09% if the testimony of defendant and his friend was accepted. He explained that a good deal of recent drinking can result in an arrested person's still absorbing more alcohol into his blood than he is burning off, with the result of a higher concentration at the time of testing than at the time of driving. He conceded his calculations were not precise, and that they were based on defendant's and his friend's accounts.
We are convinced that the testimony prevented a finding of guilt beyond a reasonable doubt. There are four reasons. First, the qualifications and experience of the expert were unquestioned. His calculations were unchallenged except in that they depended on defendant's and his friend's accounts. Second, defendant's and his friend's accounts were not discredited in any way by either court below, and the accounts are vouched for by the amount of alcohol they admit to over the evening. Third, neither court below explained its conclusion of guilt except by pointing to the breathalyzer readings and the volume of drinking that defendant conceded. Fourth, both courts concluded that there was insufficient evidence from defendant's behavior and test performance to show that defendant was under the influence of alcohol when he was driving. For all these reasons, we see no basis upon which to convict in this, at best, borderline case. It is not enough simply to say, in the face of the breathalyzer evidence and the expert testimony, that defendant must have had.10% blood alcohol. If the uncontradicted testimony of defendant, his friend and his expert are not believed by the court, that disbelief has to be stated, along with a reasonable basis for it.
We need not decide defendant's alternate grounds for appeal, namely, that he was subjected to an improperly amended charge.
Reversed and remanded for entry of a judgment of acquittal.